### GROSS v. FRANK.

#### (District Court, D. Maryland. March 9, 1922.)

#### No. 252.

1. **Patents ⬤⟾328—1,380,058, claim 3, for automobile lamp, held void for want of invention.**

   The Gross patent, No. 1,380,058, claim 3, for a parking lamp for automobiles, *held* invalid for want of invention; there being no real combination, though the inventor brought together a number of devices old in the art producing a different lamp from any theretofore made.

2. **Patents ⬤⟾26(1)—Real combination of old things essential to invention.**

   While a high order of invention may be shown in combining old things, so as to produce new results, there must be a real combination of them.

In Equity. Suit by Angus R. Gross against Joseph Frank. Bill dismissed.

Alexander & Dowell, of Washington, D. C., and Leo Fesenmeier, of Baltimore, Md., for complainant.

Alexander S. Steuart, of Washington, D. C., and Chapin A. Ferguson, of Baltimore, Md., for defendant.

ROSE, District Judge. [1] There is in suit the third claim of patent No. 1,380,058, issued May 31, 1921, to the plaintiff, Angus R. Gross. The usual defenses of invalidity and infringement are set up.

The invention is a parking lamp for automobiles. It is smaller, neater in appearance, and more firmly attachable to a machine, than those which had been theretofore used. So soon as it was put upon the market, there was a large demand for it. The defendant bought some of plaintiff's lamps, borrowed some of the parts of them from plaintiff, and proceeded to design and manufacture a lamp obviously modeled upon that of plaintiff's. He, of course, made some changes which he hoped were sufficient to escape infringement, and so far as two out of three of plaintiff's patent claims are concerned he admittedly succeeded.

There is only one claim in suit, the third. It is quite long, having something like a dozen elements, most of them being concerned with rather minute matters of mechanical detail. There is no reason to

⬤⟾For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

suppose that any one before plaintiff had ever made just such a lamp as this claim describes, but there is great difficulty in finding out in what plaintiff's invention consists. He wanted to make a lamp of small size, which would do the work as well as the larger lamps which had been theretofore used. This part of his purpose he accomplished by using multifaceted lenses, but the use of such lenses for such purposes had long been known. He wished to make it possible easily to open his lamp and replace an electric bulb, which was defective or worn out, and he provided means for doing so that had often been theretofore used for analogous purposes. He desired to secure the lamp to the fender, so that it could not be readily jostled off. This he did by the use of appliances long known in the art.

[2] There is no question that a high order of invention may be shown in combining old things, so as to produce new results; but there must be a real combination of them. A man with defective vision, who also had flat feet, might walk all the better if he put on a new pair of bifocal glasses, and if he used a better designed shoe; but that scarcely would be a real combination of the shoes and the glasses. The plaintiff does not really combine, in any true sense, his multifaceted lenses with his means of attaching the lamp to the fender, or with the arrangement he provides for the opening of his lamp, so as to permit the replacement of a bulb within it. He has unquestionably shown mechanical skill in making a useful and attractive lamp. The fact that it at once commanded a large sale is strongly persuasive that it was really both new and useful. If there is invention in what plaintiff did, he has never pointed out and distinctly claimed the particular improvement or combination which he claims as his.

It is with some regret that I am compelled to hold the claim in suit invalid, and to dismiss the bill, as it would seem to be clear enough that, if plaintiff has invented anything, defendant has used it.